IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAYLOR LOHMEYER LAW FIRM PLLC ) | |
| ) | Case No. 5:18-cv-01161-XR |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent/Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| TAYLOR LOHMEYER LAW FIRM PLLC ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## UNITED STATES' MOTION TO DISMISS PETITION TO QUASH AND COUNTER-PETITION TO ENFORCE SUMMONS ISSUED TO <u>TAYLOR LOHMEYER LAW FIRM PLLC</u>

Taylor Lohmeyer Law Firm PLLC ("Taylor Lohmeyer"), as the summonsed party, lacks jurisdiction to challenge the summons served on it for records (including identities of third-party persons with respect to whose liability the summons is issued) through its petition to quash. Therefore, the Court should dismiss the petition to quash as jurisdictionally barred. The petition to quash, although jurisdictionally deficient, indicates an unwillingness to comply with the summons. Therefore, the United States is petitioning this Court for enforcement of the summons previously approved for service by this Court. *See In the matter of tax and liabilities of John Does*, 5:18-mc-01046-XR at ECF #3 (W.D. Tex. – San Antonio). Taylor Lohmeyer can assert any arguments it believes it has against enforcement in response to this Counter-Petition to Enforce Summons.

## I.

## **Taylor Lohmeyer lacks jurisdiction to quash the summons**.

Under Rule 12(b)(1), which governs challenges to a court's subject-matter jurisdiction, "[a] case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Jurisdiction is claimed, in the petition to quash, pursuant to 26 U.S.C. § 7609(h)(1) which references petition to quash procedures under subsection (b)(2). *See* 26 U.S.C. § 7609(h)(1). Section 7609(b)(2) conditions the right to begin a proceeding to quash on being a person entitled to notice of a third-party summons. *See* 26 U.S.C. § 7609(b)(2). The only person who could be entitled to notice under Section 7609(a) is "any person (other than the person summoned) who is identified in the summons."[1]  26 U.S.C. § 7609(a)(1). Further, the notice provisions of Section 7609(a) do not apply in the context of a John Doe summons – the summons involved here – for the obvious reason that the taxpayers at issue are unknown. *See* 26 U.S.C. § 7609(c)(3) (creating an exception to providing notice in the John Doe summons context).

Accordingly, many courts have found that the Internal Revenue Code does not authorize a summonsed party to institute pre-enforcement court proceedings to quash an IRS summons and that federal district courts do not have jurisdiction to hear pre-enforcement challenges to IRS

---

[1] The only petitioner listed in the petition to quash is the summoned party, Taylor Lohmeyer Law Firm PLLC, and there is no indication that the petition to quash is filed on behalf of the unknown clients of the law firm.  Therefore, the United States is not addressing the jurisdiction of any unknown clients of the law firm since they are not identified as part of the petition to quash.

2

summonses. *See, e.g., Arismendy v. United States Comm'r,* 2017 U.S. Dist. LEXIS 105815 at *4 (S.D. Tex. – Houston Div.) (holding that because the taxpayer was not entitled to notice, there was no jurisdiction to hear the petition to quash); *Palma v. United States*, 2014 U.S. Dist. LEXIS 107977 at *2-3 (S.D. Tex. – Houston Div.) (indicating that cases "consistently hold that the Internal Revenue Code does not authorize a summoned party to institute pre-enforcement court proceedings to quash an IRS summons, and that federal district courts do not have jurisdiction to hear pre-enforcement challenges to IRS summonses"); *Foundation of Human Understanding v. United States*, No. 01–3052–AA, 2001 U.S. Dist. LEXIS 16328, at *1–3 (D. Or.) (dismissing summoned party's pre-enforcement petition to quash an IRS summons based on lack of authority in the Internal Revenue Code for such a petition); *Gutierrez v. United States*, No. CS–95–599–RHW, 1996 U.S. Dist. LEXIS 18875, at *4–6 (E.D. Wash.) (dismissing summoned party's pre-enforcement petition to quash an IRS summons because the Internal Revenue Code does not create jurisdiction for such petitions and because "it is firmly established that courts cannot entertain pre-enforcement challenges to [IRS] subpoenas" brought by the summoned party).

However, a summoned entity is not without a remedy to challenge an IRS summons. Rather than filing a pre-enforcement petition, a party summoned by the IRS has the option to refuse to comply, and the summons is not judicially enforceable unless enforcement is sought pursuant to 26 U.S.C. § 7604(a). *See Gutierrez*, 1996 U.S. Dist. LEXIS 18875, at *5; *see also, e.g.*, *Foundation of Human Understanding*, 2001 U.S. Dist. LEXIS 16328, at *2–3 (concluding that the summoned party could administratively challenge the IRS summons either before the IRS or when the IRS sought judicial enforcement of the summons, but could not bring a pre-enforcement petition to quash the summons). Therefore, the petition to quash should be

dismissed as jurisdictionally barred. Taylor Lohmeyer can respond, as the Internal Revenue Code anticipates, to the petition to enforce that is concurrently filed with this motion to dismiss.

## II.

### Counter-Petition to Enforce Summons Issued to Taylor Lohmeyer Law Firm

The United States of America petitions this Court for an order enforcing the IRS administrative summons served on the respondent, Taylor Lohmeyer . In support, the United States submits the *Second Declaration of Joy Russell-Hendrick*[2] as Government Exhibit 1 and avers as follows:

1. Jurisdiction over this matter is conferred upon this Court by 26 U.S.C. §§ 7402 and 7604(a) and by 28 U.S.C. §§ 1340 and 1345.

2. Taylor Lohmeyer, the summonsed party, is found within the boundaries of this district.

3. This Court previously found that the John Doe Summons issued to Taylor Lohmeyer "relates to the investigation of a particular person or ascertainable group or class of persons, that there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any internal revenue law, and that the information sought to be obtained from the examination of the records or testimony (and the identities of the persons with respect to whose liability the summons is issued) are not readily available from other sources." *See In the matter of tax and liabilities of John Does*, 5:18-mc-

---

[2] The United States submitted a declaration to support service of the summons we seek to enforce as part of *In the matter of tax and liabilities of John Does*, 5:18-mc-01046-XR at ECF #1-2 (W.D. Tex. – San Antonio). As in the initial declaration, the identifying information of the taxpayer and his related entities has been removed and instead generic terms are used. *Id*. at ¶ 10 fn. 1. The taxpayer's name is also removed, and all references are to Taxpayer-1, because the ultimate tax liabilities of Taxpayer-1 are not at issue for the requested John Doe Summons. *Id*.

4

01046-XR at ECF #3 (W.D. Tex. – San Antonio). Accordingly, this Court granted the United States' *ex parte* petition to serve a John Doe Summons on Taylor Lohmeyer. *Id*.

4. The summons was served on Taylor Lohmeyer by electronic mail, pursuant to a waiver of personal service by Taylor Lohmeyer, on or about October 17, 2018. (Gov. Ex. 1 – *Second Declaration of Joy Russell-Hendrick* at ¶¶ 5-6, Exs. B and C.)

5. Taylor Lohmeyer failed to appear, and, to date, has failed to comply with the summons. (Gov. Ex. 1 – *Second Declaration of Joy Russell-Hendrick* at ¶ 21.) Instead, Taylor Lohmeyer filed a petition to quash the summons, which the United States seeks to dismiss above, indicating refusal to comply with the summons.

6. In order to obtain enforcement of a summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information which may be relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

7. Because the summons issued relates to John Doe taxpayers, the United States was required to show certain factors, prior to service of the summons, in an *ex parte* proceeding brought by the United States, pursuant to 26 U.S.C. § 7609(f) and (h) of the Internal Revenue Code. This Court has already ruled that the 26 U.S.C. § 7609(f) factors were met by granting the United States' petition to serve the John Doe Summons on Taylor Lohmeyer, which was supported by a declaration of Revenue Agent Joy Russell-Hendrick. *See In the matter of tax and liabilities of John Does*, 5:18-mc-01046-XR at ECF #1-2, #3 (W.D. Tex. – San Antonio). The petition to quash includes a discussion of alleged insufficiencies in the declaration of Revenue Agent Joy Russell-Hendrick supporting the *ex parte* petition to serve the John Doe summons. To

the extent that the Petition to Quash is an attempt to attack the findings of the *ex parte* proceeding, those challenges are not allowed in this proceeding. *See United States v. Samuels, Kramer and Co.*, 712 F.2d 1342, 1346 (9th Cir. 1983) ("the three factual determinations that a district court must make under section 7609(f) before issuing its ex parte authorization of a John Doe summons may not be challenged.")

8.      All administrative steps required by the Internal Revenue Code for the issuance of the summons have been followed. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 23.) The books, records, papers, and other records requested in the summons are not already in the possession of the IRS. *Id*. at ¶ 22; *see also In the matter of tax and liabilities of John Does*, 5:18-mc-01046-XR at ECF #3 (W.D. Tex. – San Antonio) (holding that "the information sought to be obtained from the examination of the records or testimony (and the identities of the persons with respect to whose liability the summons is issued) are not readily available from other sources.")  Therefore, the only remaining factors the United States must show is that the summons was issued for a legitimate purpose and seeks information which may be relevant to that purpose. *See Powell*, 379 U.S. at 57-58.

9.      The United States submits a second declaration of Revenue Agent Joy Russell-Hendrick (attached as Government Exhibit 1) that clearly establishes the government's *prima facie* showing under *Powell*.  *See Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001) ("The government's minimal burden at this stage can be fulfilled by a 'simple affidavit' by the IRS agent issuing the summons.").  Once the United States has demonstrated a *prima facie* case, the burden shifts to the other party to "refute one of the *Powell* factors…or to show that enforcement in the district court would amount to an 'abuse' of the judicial process." *Id*. at 230-231.

10. The IRS issued the summons for the legitimate purpose of examining books and records related to (currently unknown) U.S. taxpayers to ascertain the correctness of any return filed, or to make a return where none was made. *See* 26 U.S.C. § 7602(a). U.S. taxpayers use offshore accounts and foreign entities to avoid or evade their U.S. tax obligations. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶¶ 8-10.) IRS examinations of offshore tax evasion have shown that these schemes almost always involve a foreign financial account and an offshore entity (controlled by nominee directors and/or trustees used to conceal the U.S. taxpayers' beneficial ownership). *Id.* at ¶ 8. Here, the IRS is conducting an investigation to determine the identity and correct federal income tax liability of U.S. taxpayers for whom Taylor Lohmeyer acquired or formed any foreign entity, opened or maintained any foreign financial account, or assisted in the conduct of any foreign financial transaction.

11. The IRS recently audited a U.S. taxpayer ("Taxpayer-1") who, according to Taxpayer-1, was referred to, and used, Taylor Lohmeyer to set up foreign accounts, foreign trusts, and foreign corporations to avoid paying U.S. taxes for which he was liable. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 12.) As a result of the audit, Taxpayer-1 has signed a closing agreement with the IRS admitting an unpaid income tax liability of over $2 million from unreported income of over $5 million for the 1996 through 2000 tax years, as well as additional penalties (including civil fraud penalties) from foreign entities set up and managed by Taylor Lohmeyer. *Id.* Taxpayer-1 also agreed that the alleged loans to offshore entities were not bona fide loans. *Id.*

12. The summons to Taylor Lohmeyer seeks information that may reveal the identity and international activities of certain clients of the law firm during the years ended December 31, 1995 through December 31, 2017. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at

¶ 13.) This information may be relevant to the underlying IRS investigation into the correct federal income tax liability of U.S. persons who employed Taylor Lohmeyer to create and maintain foreign bank accounts and foreign entities that may have been used to conceal unreported taxable income in foreign countries. *Id*.

13. The Internal Revenue Code taxes United States citizens on all income earned worldwide "from whatever source derived" unless a specific exclusion[3] applies. *See* 26 U.S.C. § 61 (definition of gross income). Individual taxpayers whose income equals or exceeds the exemption amount[4] are required to file annual income tax returns reporting this income from all sources worldwide. 26 U.S.C. § 6012(a)(1). A taxpayer cannot assign his or her income to a foreign entity to avoid reporting it. Under the principle laid down by the Supreme Court in 1930, a taxpayer cannot make an anticipatory assignment of earned income to escape tax on that income by the person who earned it. *Lucas v. Earl*, 281 U.S. 111 (1930). As such, taxpayers who fail to report income on their income tax returns, including income earned in accounts held overseas, have failed to comply with the internal revenue laws. They are subject to audits and adjustments of their income by the IRS,[5] as well as civil penalties[6] (including, potentially, civil fraud penalties[7]).

---

[3] *See e.g.*, 26 U.S.C. § 911 (exclusion of foreign income for qualified U.S. residents living abroad).

[4] As defined in 26 U.S.C. § 151(d).

[5] *See generally* 26 U.S.C. §§ 7602(a) (authority of the IRS to examine books, papers, records and other data to ascertain the correctness of a tax return); 6020(b) (authority of the IRS to make a return for a taxpayer where no return is voluntarily submitted); 6212(a) (the IRS may determine that there is an income tax deficiency).

[6] *See e.g.*, 26 U.S.C. §§ 6651(a)(1) (failure to timely file tax return penalty), (a)(2) (failure to pay tax penalty); 6662(a), (b)(2) (penalty for substantial underreporting of income), (b)(7) (penalty for undisclosed foreign financial asset).

[7] *See e.g.*, 26 U.S.C. § 6651(f) (fraudulent failure to file tax return penalty); § 6663(a) (penalty for understatement of tax due to fraud).

14. U.S. taxpayers who use offshore instruments such as offshore accounts, entities and assets must fulfill certain requirements to ensure compliance with the tax laws. For example, U.S. taxpayers who have a financial interest in, or signature or other authority over, any foreign financial account must disclose the existence of that account on their federal income tax returns. *See* Federal Individual Income Tax Return (IRS Form 1040), Schedule B, Part III. If the aggregate amount of these accounts exceeds $10,000, the taxpayer must file a Report of Foreign Bank and Financial Accounts on FinCEN Form 114 ("FBAR"). 31 U.S.C. § 5314(a); 31 C.F.R. § 1010.350(a). U.S. persons who receive distributions from a foreign trust, or who are grantors of or transferors to a foreign trust, or who receive certain large gifts may be required to file Form 3520.[8] 26 U.S.C. § 6048(a)–(c). U.S. persons may be required to file a Form 5471[9] if certain conditions are met relating to their ownership interest in a foreign corporation. 26 U.S.C. §§ 6038(a), 6046(a), (d); 26 C.F.R. 1.6046-1(f)(1).

15. Request No. 1 in the summons attachment is aimed at identifying the U.S. persons at whose request or on whose behalf Taylor Lohmeyer acquired or formed a foreign entity, opened or maintained any foreign financial account, or assisted in the conduct of any foreign financial transaction. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 14.) It is expected that the information and documents responsive to this request should provide the identity of each U.S. person who used the services of Taylor Lohmeyer to acquire, establish, maintain, operate, or control: (1) any foreign financial account or other asset; (2) any foreign corporation, company, trust, foundation, or other legal entity; or (3) any foreign or domestic

---

[8] Penalties for not timely filing this form, or not properly disclosing these events, include 26 U.S.C. §§ 6677, 6039F, and 6662(j).

[9] Penalties for not timely filing this form, or not properly disclosing these events, include 26 U.S.C. §§ 6038(b)-(c); and 6679(a).

9

financial account or other asset in the name of such foreign entity. *Id*. This information may be relevant in determining the identity of U.S. taxpayers who owned, maintained, or controlled foreign financial accounts and entities that may have not been properly disclosed – as in the case of Taxpayer-1. *Id*.

16. Request No. 2 in the summons attachment requests the books and records that relate to the services rendered by Taylor Lohmeyer to U.S. persons regarding the creation of foreign financial accounts. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 15.) In particular, the request asks for such documents as account opening and closing documents, signature cards, invoices and statements, and any other documents identifying the foreign financial accounts. *Id*. The request in (j) for domestic financial accounts is aimed at obtaining documents that relate to domestic financial accounts owned by foreign entities that Taylor Lohmeyer established and/or maintained on behalf of its clients. *Id*. This information may be relevant to the underlying IRS investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer opened and/or maintained foreign financial accounts. *Id*. This information may assist the IRS in determining the source of the monies in the foreign financial accounts and if these offshore financial accounts were disclosed by the U.S. taxpayers on their income tax returns. *Id*.

17. Request No. 3 in the summons attachment requests the books and records relating to Taylor Lohmeyer's services to U.S. persons regarding their acquiring, establishing, and maintaining offshore entities. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 16.) In particular, the request seeks documents identifying the names and types of offshore entities formed and maintained, and other documents, such as invoices and statements describing Taylor Lohmeyer'sservices. *Id*. The request is also for documents containing these Taylor Lohmeyer's

clients' contact information and account history so their offshore entities can be linked to the U.S. taxpayer beneficial owners of their offshore entities. *Id*. This information may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer established and/or maintained foreign entities. *Id*. To the extent the offshore entities are listed as the owners of the financial accounts in Request No. 2, the summoned information may help the IRS determine the source and beneficiaries of the monies in the foreign financial accounts and identify the related U.S. taxpayers. *Id*.

18. Request No. 4 in the summons attachment requests communications between Taylor Lohmeyer and third-party offshore service providers, including a foreign law firm utilized to establish foreign financial accounts and entities for Taylor Lohmeyer's clients. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 17.) During the audit of Taxpayer-1, the IRS reviewed numerous letters and facsimiles between Taylor Lohmeyer and third-party service providers discussing the foreign entities established for U.S. taxpayers, wires to and from their foreign financial accounts, and Taxpayer-1's purchase of assets for his personal use with his offshore funds. *Id*. Documents responsive to this request may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer established and/or maintained foreign financial accounts and entities. *Id*.

19. Request No. 5 in the summons attachment requests documents for each foreign corporation that Taylor Lohmeyer established at the request of, or on behalf of, a U.S. client. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 18.) The summoned documents are the type of documents typically requested during an audit, and include items such as the articles of incorporation, bylaws, minutes, stock and ownership certificates, and other documents identifying the foreign entity's assets. *Id*. This information should assist in linking the foreign

entity to the related U.S. taxpayer. *Id*. The summoned documents may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer established foreign entities. *Id*.

20. Request No. 6 in the summons attachment requests documents related to foreign trusts and foundations that Taylor Lohmeyer established on behalf of its U.S. clients. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 19.) In particular, the requested documents include the governing instrument for the trust or foundation, copies of correspondence, records of assets and financial accounts of the trusts or foundations, and documentation of distributions to, and loans from, the foreign trusts and foundations. *Id*. Some of the requested documents are to identify the beneficiaries, trustees, and protectors of the trusts and foundations, which should aid in linking the foreign trust or foundation to a U.S. taxpayer. *Id*. These documents may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer established foreign entities. *Id*.

21. In the previous *ex parte* proceeding to serve the John Doe Summons, the United States made this Court aware that it was aware of potential privilege issues and that the summons was specifically tailored to avoid requests for privileged communications. *See In the matter of tax and liabilities of John Does*, 5:18-mc-01046-XR at ECF #2 at 12 (W.D. Tex. – San Antonio). Although privileges pertaining to documents can be asserted in an enforcement proceeding, the party seeking to assert the privilege must allege its applicability with specificity as to each document. *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents"); *Ellis v. United States*, 2015 U.S. Dist. LEXIS 154464 *16 (S.D. Miss.) (holding that the party asserting the privilege must "establish the privilege applies to the documents requested in the IRS

summons"). The petition to quash fails to identify any specific documents or categories of documents that might be privileged and, instead, impermissibly tosses the blanket of attorney-client privilege over all potentially responsive documents.  Rather than entertain these blanket claims, the Court should enforce the summons, and require Taylor Lohmeyer to raise specific objections (with a privilege log) to particular requests.

22.     The summons seeks documents relating to the creation and operation of foreign entities and bank accounts.  Even the requests for communications with clients are limited to situations where the communications relate to the arrangements for offshore financial accounts, or the establishment of foreign entities, rather than communications dealing with legal advice. The attorney-client privilege does not protect non-legal communications, such as business advice or business transactions.  *See United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981); *Pollock v. United States*, 202 F.2d 281 (5th Cir. 1953); *see also Seibu Corp. v. KPMG LLP*, 2002 WL 87461 (N.D. Tex. 2002) ("Where an attorney is functioning in some other capacity – such as an accountant, investigator, or business advisor – there is no privilege.").

23.     While the attorney-client privilege prevents the disclosure of communications between an attorney and client that were made while seeking or rendering legal services, the privilege generally does not protect the identity of a client (and thus would not preclude the production of documents which disclose the identity of clients).  *See In re Grand Jury Proceedings ("Jones")*, 517 F.2d 666, 670-71 (5th Cir. 1975); *Frank v. Tomlinson*, 351 F.2d 384 (5th Cir. 1965). The IRS is entitled to use a summons for the legitimate purpose it seeks here – to ensure compliance with the reporting requirements for foreign income, irrespective of any potential legal advice claimed, which is not being sought under the summons issued.

24. Although the petition to quash is larded with ambiguous claims of over-reaching, the summons itself indicates that it was narrowly tailored to avoid any impermissible requests. The summons attachment includes instructions to provide a privilege log for any document or portion of any document (and any associated attachment) that is withheld on the grounds of privilege or claimed protection, including attorney-client, and the IRS is not requesting production of privileged documents. (Gov. Ex. 1 - *Second Declaration of Joy Russell-Hendrick* at ¶ 20.)

WHEREFORE, the United States respectfully prays that this Court enforce the summons served on Taylor Lohmeyer by ordering the production required and called for by the terms of the summons.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Acting Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/ Curtis C. Smith*
        CURTIS C. SMITH
        Trial Attorney, Tax Division
        U.S. Department of Justice
        717 N. Harwood Street, Suite 400
        Dallas, Texas 75201
        Telephone: (214) 880-9734
        Facsimile: (214) 880-9741
        E-mail: curtis.c.smith@usdoj.gov

        Of Counsel:
        John F. Bash
        United States Attorney
        Western District of Texas

**CERTIFICATE OF SERVICE**

I certify that the foregoing UNITED STATES' MOTION TO DISMISS PETITION TO QUASH AND COUNTER-PETITION TO ENFORCE SUMMONS ISSUED TO TAYLOR LOHMEYER LAW FIRM PLLC was electronically filed on February 13, 2019, via the Court's ECF system, which will send notification of such filing to all counsel of record.

                                                  _/s/ Curtis C. Smith_____
                                                  CURTIS C. SMITH