IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAYLOR LOHMEYER LAW FIRM PLLC | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:18-cv-01161-XR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent/Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR LOHMEYER LAW FIRM PLLC | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

I, Joy Russell-Hendrick, pursuant to 28 U.S.C. § 1746, declare and state:

I.    **Introduction**

1.    I am employed by the Internal Revenue Service ("IRS" or "Service") as a duly commissioned Internal Revenue Agent ("Revenue Agent") and am assigned as an Offshore Special Matters Expert in the Special Enforcement Program. The Special Enforcement Program identifies and examines United States ("U.S.") taxpayers involved in abusive transactions and other financial arrangements for the purpose of avoiding U.S. taxes. My post of duty is in Farmers Branch, Texas.

2.    The Service is conducting an investigation to determine the identity and correct federal income tax liability of U.S. taxpayers for whom Taylor Lohmeyer Law Firm PLLC ("Taylor Lohmeyer PLLC") acquired or formed any foreign entity, opened or maintained any foreign financial account, or assisted in the conduct of any foreign financial transaction.

3.      Taylor Lohmeyer PLLC is a law firm with its principal place of business in Kerrville, Texas. The sole remaining principal of Taylor Lohmeyer PLLC is Fred Lohmeyer ("Lohmeyer"), as Robert C. Taylor ("Taylor") is deceased.

4.      Bryan Stiernagle ("Stiernagle") is a Program Manager (International Programs) assigned to the IRS's Offshore Compliance Initiatives program. Under Delegation Order 25-1, Stiernagle has the authority to approve, upon approval by the Court, the issuance of a John Doe summons. During the week of Monday, October 15, 2018, through Friday, October 19, 2018, Elizabeth McCarthy ("McCarthy"), a Supervisory Revenue Agent, was designated to act for Stiernagle as the Program Manager, Offshore Compliance Initiatives. Attached hereto as Exhibit A is a true and correct copy of this designation.

5.      In furtherance of the investigation for the years ended December 31, 1995, through December 31, 2017, in accordance with 26 U.S.C. § 7602, on October 17, 2018, a summons was issued directing Taylor Lohmeyer PLLC to appear at 8700 Tesoro Drive, Suite 201, San Antonio, Texas 78217 on November 19, 2018, at 10:00 a.m., and to produce for examination books, records, papers and other data as described in the summons. A true and correct copy of the summons is attached as Exhibit B. The summons was electronically signed by McCarthy as the issuing officer in her capacity as the Acting Program Manager, Offshore Compliance Initiatives.

6.      In furtherance of the investigation, in accordance with 26 U.S.C. § 7609(f), and pursuant to the Court's Order, on October 17, 2018, a copy of the summons was served on Taylor Lohmeyer PLLC via email to Lohmeyer, pursuant to his waiver of personal service and agreement between the parties. Attached hereto as Exhibit C is a true and correct copy of the waiver of personal service.

7.    The summons seeks information regarding U.S. persons who, at any time during the period January 1, 1995, through December 31, 2017, used the services of Taylor Lohmeyer PLLC, including its predecessors, successors, or assigns, including, but not limited to, Taylor Lohmeyer Corrigan P.C., Taylor Lohmeyer P.C., and Taylor Lohmeyer Law Firm LLP, to acquire, establish, maintain, operate, or control: (1) any foreign financial account or other asset; (2) any foreign corporation, company, trust, foundation, or other legal entity; or (3) any foreign or domestic financial account or other asset in the name of such foreign entity.

## II.    The summons satisfies the Powell requirements.

### A.    The Service issued the summons for a legitimate purpose.

8.    The Service has long been concerned with U.S. taxpayers who—whether involved in lawful or unlawful activities—evade U.S. tax obligations by concealing unreported taxable income in offshore tax havens or financial secrecy jurisdictions.  Since 2000, the Service has conducted thousands of examinations in cases developed through John Doe summonses that were issued as part of its Offshore Compliance Initiatives.  Those examinations have shown that:

a.    Offshore tax evasion almost always involves a foreign financial account.

b.    Offshore tax evasion often involves an offshore entity (e.g., a corporation, trust, or foundation) or structure of entities.  These entities are typically controlled through nominee directors and/or trustees and are used to conceal the taxpayers' beneficial ownership of offshore (and sometimes domestic) accounts and assets.

    c.     Taxpayers forming or acquiring offshore entities or structures or opening offshore bank accounts often use offshore trust and corporate service providers who:

       i.     open bank accounts;

      ii.     create corporations, trusts, and/or foundations; and

     iii.     serve as nominee directors, officers, and/or trustees for the beneficial owners.

9.     In addition to its examination experience, the IRS has received in excess of 55,000 voluntary disclosures from taxpayers with offshore accounts and entities in a series of Offshore Voluntary Disclosure Programs.  Taxpayers making offshore voluntary disclosures have reported using undisclosed bank accounts in over 600 banks or branches of banks in jurisdictions around the world.  Many of these offshore accounts were (1) established through offshore trust and corporate service providers, and (2) held through shell companies, trusts, or other arrangements that concealed beneficial ownership.

10.     The Senate Permanent Subcommittee's investigations revealed that U.S. taxpayers did not venture offshore alone, but relied on domestic facilitators, who are U.S. professionals, to establish and manage the offshore entities, open offshore bank and securities accounts, provide legal advice, move assets offshore, conduct securities transactions, make investments, create new offshore entities, and develop mechanisms to transfer offshore dollars into the United States.  See Tax Haven Abuses: The Enablers, The Tools and Secrecy: Hearing Before the Permanent Subcommittee on Investigations of the Senate Committee on Homeland Security and Governmental Affairs, S. Hrg. 109-797, 109th Cong., 2d Sess. (2006) (hereinafter referred to as "Tax Haven Abuses Report") at

http://www.hsgac.senate.gov/subcommittees/investigations/hearings/tax-haven-abuses-the-enablers-the-tools-and-secrecy, at 388-397.

    B.    <u>The summonsed information may be relevant to the Service's legitimate purpose for issuing the summons.</u>

    11.    Taylor Lohmeyer PLLC played a key role in helping individuals operate offshore. This conclusion is based on the Service's audit of Taxpayer-1 and Taylor Lohmeyer PLLC's representation of the taxpayer in <u>Eulich v. United States</u>, 74 Fed. Appx. 373, 2003 U.S. App. LEXIS 17955 (5th Cir. Aug. 27, 2003) (finding no error in District Court findings that Eulich had "control" of summonsed foreign records relating to a Bahamian trust and related corporations); <u>Eulich v. United States</u>, 2004 U.S. Dist. LEXIS 16285 (N.D. Tex. Aug. 18, 2004) (Government argued magistrate judge erred in recommending a $1,500 per day fine, as it is inadequate, given that Eulich's offshore trust had between $75 million to $100 million in assets).

    12.    The Service's examination of Taxpayer-1 revealed that Taxpayer-1 hired Taylor Lohmeyer PLLC for tax planning, which Taylor Lohmeyer PLLC accomplished by (1) establishing foreign accounts and entities, and (2) executing subsequent transactions relating to said foreign accounts and entities. *See* In the Matter of the Tax and Liabilities of John Does, 5:18-mc-01046-XR at ECF 1-2 ¶ ¶ 10-28 (W.D. Texas – San Antonio Division).[1] From 1995 to 2009, Taxpayer-1 engaged Taylor Lohmeyer PLLC to form 8 offshore entities in the Isle of Man and in the British Virgin Islands. *See id.* at ¶ ¶ 10-44. During this period, Taxpayer-1 established at least 5 offshore accounts so he could assign income to them and, thus, avoid U.S. income tax on the earnings. Taxpayer-1 was the beneficial owner of the offshore entities, but failed to report the existence of the foreign financial accounts or entities and the offshore income

---

[1] The U.S. included a declaration signed by me in the prior proceeding *In the Matter of the Tax and Liabilities of John Does*, 5:18-mc-01046-XR. I hereby incorporate by reference the contents of that declaration and the exhibits attached thereto in this declaration.

they earned. *See id.* In June 2017, Taxpayer-1 and his wife executed a closing agreement with the IRS in which they admitted that Taxpayer-1 was the owner of any and all assets allegedly owned by four foreign trusts, and that Taxpayer-1 earned unreported income of over $5 million for the 1996 through 2000 tax years, resulting in an unpaid income tax liability of over $2 Million. Taxpayer-1 and his wife accepted liability for civil fraud penalties and penalties for failing to file the required forms to report the foreign income. Taxpayer-1 also agreed that the alleged loans to offshore entities were not bona fide loans. Ultimately, Taxpayer-1 paid almost $4 million to the IRS to resolve his unpaid federal tax, interest, and penalties for those tax years.

13.     The summons, attached as Exhibit B, seeks records that may reveal the identity and international activities of certain clients of Taylor Lohmeyer PLLC, from January 1, 1995, through December 31, 2017. This information may be relevant to the underlying IRS investigation into the identity and correct federal income tax liability of U.S. persons who employed Taylor Lohmeyer PLLC to conceal unreported taxable income in foreign countries. In particular, the IRS is seeking information on U.S. taxpayers for whom Taylor Lohmeyer PLLC created and maintained foreign bank accounts and foreign entities that may not be properly disclosed on tax returns.

14.     Request number 1 in the summons attachment is aimed at identifying the U.S. persons at whose request or on whose behalf Taylor Lohmeyer PLLC acquired or formed a foreign entity, opened or maintained any foreign financial account, or assisted in the conduct of any foreign financial transaction. It is expected that the information and documents responsive to this request should provide the identity of each U.S. person who used the services of Taylor Lohmeyer PLLC to acquire, establish, maintain, operate, or control: (1) any foreign financial account or other asset; (2) any foreign corporation, company, trust, foundation, or other legal

entity; or (3) any foreign or domestic financial account or other asset in the name of such foreign entity. This information may be relevant in determining the identity of Taylor Lohmeyer PLLC's clients who are U.S. taxpayers who owned, maintained, or controlled foreign financial accounts and entities that may have not been properly disclosed – as in the case of Taxpayer-1.

15.    Request number 2 in the summons attachment requests the books and records that relate to the services rendered by Taylor Lohmeyer PLLC to U.S. persons regarding the creation of foreign financial accounts. In particular, the request asks for such documents as account opening and closing documents, signature cards, invoices and statements, and any other documents identifying the foreign financial accounts. The request in (j) for domestic financial accounts is aimed at obtaining documents that relate to domestic financial accounts owned by foreign entities that Taylor Lohmeyer PLLC established and/or maintained on behalf of their clients. This information may be relevant to the underlying IRS investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer PLLC opened and/or maintained foreign financial accounts. This information may assist the IRS in determining the source of the monies in the foreign financial accounts and if these offshore financial accounts were disclosed by the U.S. taxpayers on their income tax returns.

16.    Request number 3 in the summons attachment requests the books and records relating to Taylor Lohmeyer PLLC's services to U.S. persons regarding their acquiring, establishing, and maintaining offshore entities. In particular, the request seeks documents identifying the names and types of offshore entities formed and maintained, and other documents, such as invoices and statements describing Taylor Lohmeyer PLLC's services. The request is also for documents containing these Taylor Lohmeyer PLLC's clients' contact information and account history so their offshore entities can be linked to the U.S. taxpayer

beneficial owners of their offshore entities. This information may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer PLLC established and/or maintained foreign entities. To the extent the offshore entities are listed as the owners of the financial accounts in request number 2, the summonsed information may help the IRS determine the source and beneficiaries of the monies in the foreign financial accounts and identify the related U.S. taxpayers.

17.    Request number 4 in the summons attachment requests communications between Taylor Lohmeyer PLLC and third-party offshore service providers, including a foreign law firm utilized to establish foreign financial accounts and entities for Taylor Lohmeyer PLLC's U.S. taxpayer clients. During the audit of Taxpayer-1, I reviewed numerous letters and facsimiles between Taylor Lohmeyer PLLC and third-party service providers discussing the foreign entities established for U.S. taxpayers, wires to and from their foreign financial accounts, and Taxpayer-1's purchase of assets for his personal use with his offshore funds. Documents responsive to this request may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer PLLC established and/or maintained foreign financial accounts and entities.

18.    Request number 5 in the summons attachment requests documents for each foreign corporation Taylor Lohmeyer PLLC established at the request of, or on behalf of, a U.S. client. The summonsed documents are the type of documents typically requested during an audit, and include items such as the articles of incorporation, bylaws, minutes, stock and ownership certificates, and other documents identifying the foreign entity's assets. This information should assist in linking the foreign entity to the related U.S. taxpayer. The summonsed documents may be relevant to the IRS's investigation into the identity and correct

- 8 -

federal income tax liability of U.S. persons for whom Taylor Lohmeyer PLLC established foreign entities.

19.    Request number 6 in the summons attachment requests documents related to foreign trusts and foundations that Taylor Lohmeyer PLLC established on behalf of its U.S. clients. In particular, the requested documents include the governing instrument for the trust or foundation, copies of correspondence, records of assets and financial accounts of the trusts or foundations, and documentation of distributions to, and loans from, the foreign trusts and foundations. Some of the requested documents are to identify the beneficiaries, trustees, and protectors of the trusts and foundations, which should aid in linking the foreign trust or foundation to a U.S. taxpayer. These documents may be relevant to the IRS's investigation into the identity and correct federal income tax liability of U.S. persons for whom Taylor Lohmeyer PLLC established foreign entities.

20.    The summons attachment includes instructions to provide a privilege log for any document or portion of any document (and any associated attachment) that is withheld on the grounds of privilege or claimed protection, including attorney-client, I.R.C. § 7525, or attorney work product. See Ex. B. The IRS is not requesting Taylor Lohmeyer PLLC produce privileged documents.

21.    To date, Taylor Lohmeyer PLLC has failed to comply with the summons and has not produced the books, records, papers, and other records requested in the summons.

22.    The books, records, papers, and other records requested in the summons are not already in the Service's possession. Taxpayer 1 and John Eulich are not members of the John Doe class because the IRS already knew their identities when it served the John Doe summons.

23.    All administrative steps as required by the Internal Revenue Code for issuance and service of the summons have been followed or waived by Taylor Lohmeyer PLLC.

24.    The identities of the John Does are unknown.  Accordingly, the IRS does not know whether there is any "Justice Department referral," as that term is described in 26 U.S.C. § 7602(d)(2), in effect with respect to any of the John Does for the years ended December 31, 1995, through December 31, 2017.

25.    The IRS is not seeking records for certain identified persons who are known to the IRS, namely Taxpayer-1 and John Eulich.


Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this _11_ day of _Feburary_ 2019.

Jon R Hendrick

JON RUSSELL-HENDRICK
Internal Revenue Agent
Internal Revenue Service