

# Summons

**Government Exhibit B**

| | |
|---|---|
| In the matter of | Tax Liability of John Does* |
| Internal Revenue Service (Division): | Large Business & International Division |
| Industry/Area (name or number): | Withholding and International Individual Compliance |
| Periods: | Years Ending December 31, 1995 through December 31, 2017 |

### The Commissioner of Internal Revenue

**To:** Taylor Lohmeyer Law Firm PLLC

**At:** 44 Antelope Trail, Kerrville, TX 78028

You are hereby summoned and required to appear before  John Peil or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachment

* "John Does" are United States taxpayers who, at any time during the years ended December 31, 1995 through December 31, 2017, used the services of Taylor Lohmeyer Law Firm PLLC (including its predecessors, successors, or assigns), to acquire, establish, maintain, operate, or control (1) any foreign financial account or other asset; (2) any foreign corporation, company, trust, foundation or other legal entity; or (3) any foreign or domestic financial account or other asset in the name of such foreign entity.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:** 8700 Tesoro Drive, Suite 201, San Antonio, TX 78217

4050 Alpha Road, M S 4030 NDAL, Farmers Branch, TX 75244    Phone # (469) 801-0439

**Place and time for appearance at** 4050 Alpha Road, Farmers Branch, TX 75244

8700 Tesoro Drive, Suite 201, San Antonio, TX 78217

on the 19th day of November, 2018 at 10 o'clock a m.

**Issued under authority of the Internal Revenue Code this** 17th **day of** October, 2018.

**IRS**
Department of the Treasury
**Internal Revenue Service**
www.irs.gov

Elizabeth McCarthy, Acting Program Manager
Digitally signed by Elizabeth McCarthy, Acting Program Manager
Date: 2018.10.17 10:16:36 -05'00'

Signature of issuing officer

Acting Program Manager
Title

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

Signature of approving officer (if applicable)

Title

**Original** — to be kept by IRS

# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
|  |  |

**How Summons Was Served**

1. ❑ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ❑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ❑ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Taylor Lohmeyer Law Firm PLLC
44 Antelope Trail, Kerrville, TX 78028

| Signature | Title |
|---|---|
|  |  |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____   Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

❑ I gave notice by certified or registered mail to the last known address of the noticee.

❑ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

❑ I gave notice by handing it to the noticee.

❑ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☒ No notice is required.

| Signature | Title |
|---|---|
|  |  |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
|  |  |

Form **2039** (Rev. 10-2010)

In the Matter of Tax Liability of John Does
Attachment to Form 2039 Summons to Taylor Lohmeyer Law Firm PLLC

**Documents**

For U.S. persons who were your clients at any time during the period January 1, 1995 through December 31, 2017, please provide the documents listed below. Such requests are for documents kept in either electronic or hard-copy format. Such requests are for records of Taylor Lohmeyer Law Firm PLLC, its predecessors, successors, or assigns, including but not limited to Taylor Lohmeyer Corrigan P.C., Taylor Lohmeyer P.C., and Taylor Lohmeyer Law Firm LLP.

1. Documents, including lists, client account records, and client billing records, reflecting any U.S. clients at whose request or on whose behalf you or your agents have acquired or formed any foreign entity, opened or maintained any foreign financial account, or assisted in the conduct of any foreign financial transaction.

2. All books, papers, records, or other data in your possession, custody, or control concerning the provision of services to U.S. clients relating to setting up offshore financial accounts, in any name, including but not limited to the following:
   a.) account opening and closing documents;
   b.) client forms;
   c.) maintenance forms;
   d.) signature cards;
   e.) powers of attorney or other written authorizations;
   f.) invoices and statements;
   g.) copies of clients' U.S. passports;
   h.) all records of communications with clients pertaining to the arrangements for the procurement of the offshore financial accounts, including any electronic communications such as fax, email, or logs maintained in connection with any "hold mail" services;
   i.) all data and documents maintained in any database of clients including but not limited to contact information and addresses, client notes and client or account history pertaining to the procurement of offshore and domestic financial accounts;
   j.) any other documents identifying the offshore and domestic financial accounts established; and
   k.) billing statements and records of payments remitted by clients.

3. All books, papers, records, or other data in your possession, custody, or control concerning the provision of services to U.S. clients relating to the acquisition, establishment or maintenance of offshore entities or structures of entities, including but not limited to the following:
   a.) invoices and statements describing services provided;
   b.) documents describing the service, arrangement, or offshore business structure formed or purchased;

In the Matter of Tax Liability of John Does
Attachment to Form 2039 Summons to Taylor Lohmeyer Law Firm PLLC

- c.) documents identifying the names and types of offshore entities formed or purchased;
- d.) all records of communications with clients related to the establishment of offshore entities or structures of entities, including any electronic communications, such as fax, email, or logs maintained;
- e.) all data and documents maintained in any database of clients including but not limited to contact information and addresses, client notes and client or account history pertaining to the offshore entities or structures of entities;
- f.) documents identifying the offshore entities established; and
- g.) billing statements and records of payments remitted by clients.

4. All records of communications with offshore service providers utilized by your firm to implement the services and/or structures purchased by your clients, including but not limited to communications with Michael Fullerlove.

5. For each foreign corporation established at the request of or on behalf of a U.S. client:
    a. Articles of Incorporation;
    b. Bylaws and rules attached to the bylaws;
    c. Documents identifying past and current officers;
    d. Minutes and resolutions;
    e. Stock and ownership certificates;
    f. Powers of attorney or other devices authorizing your U.S. client or the client's representative to act on behalf of the corporation;
    g. Copies of all instructions directing transfer, payment or other movement of funds;
    h. Copies of all nominee agreements entered into by you, the client, or the corporation;
    i. Records of correspondence, e-mail, facsimile or other communications with the corporate officers, directors or nominees;
    j. Confirmations of existence;
    k. Certificates of good standing;
    l. All documents pertaining to any loans to or from the corporation, including repayment schedules for all outstanding loans; and
    m. Records identifying any assets and/or property transferred into or held by the foreign entity.

6. For each foreign trust or foundation established at the request or on behalf of a U.S. client:
    a. Complete copy of the governing instrument for the trust or foundation, together with all attachments, schedules, and amendments;
    a. Minutes of all meetings of the Board of Trustees or foundation management, from the creation of the trust or foundation through December 31, 2017;

In the Matter of Tax Liability of John Does
Attachment to Form 2039 Summons to Taylor Lohmeyer Law Firm PLLC

    b. Any operating manual or other instructions, including but not limited to letters of wishes, which describe the operation of the trust or foundation;
    c. Records of correspondence, e-mail, facsimile or other communications with the trustees or foundation management;
    d. Documents identifying any former and current trustees or managers, including by name, address, telephone number, or Taxpayer Identification Number, from the creation of the trust or foundation to the present;
    e. Documents pertaining to the designation of protectors or protectorship committees;
    f. Records of any communications with protectors or members of protectorship committees;
    g. Documents identifying any certificate holders and/or beneficiaries, including by name, address, telephone number, or Taxpayer Identification Number, from the creation of the trust or foundation through December 31, 2017;
    h. Communications with trustees or foundation management pertaining to the selection or designation of beneficiaries;
    i. Records identifying any assets and/or property transferred to or held by the trust or foundation, whether by gift or exchange, from the creation of the trust or foundation through December 31, 2017;
    j. Records of any financial account (including, but not limited to, bank, savings and loan, credit union, stock fund, exchange traded fund, hedge fund, or stock brokerage account) in the name of the trust or foundation, including monthly, quarterly, or other periodic statements, canceled checks, deposit slips, and records of wire transfers, for any time during the period January 1, 1995 through December 31, 2017;
    k. All records that relate to the actual distribution of income or corpus of the trust or foundation, and any records that pertain to the acquisition, use, or disposition of trust or foundation assets;
    l. All documents pertaining to any loans to or from the trust or foundation, including repayment schedules for any outstanding loans; and
    m. All other documents that relate to the trust or foundation, whether or not of any purported legal effect (including codicils, amendments, or modifications).

**Instructions With Respect to Privilege Claims or Unavailable Documents**

1. If any document or portion of any document (and any associated attachment) is withheld on the grounds of privilege or claimed protection (such as, attorney-client, I.R.C. § 7525, or attorney work product), or for any other reason, please identify, provide and state with respect to each such document or portion of the document (and any associated attachment) the following information:
    a. The name and title (as of the date of the preparation of the document) of the author or signatory of the document;
    b. The date the document was generated, prepared, or dated;

In the Matter of Tax Liability of John Does
Attachment to Form 2039 Summons to Taylor Lohmeyer Law Firm PLLC

- c. The names of all persons or entities acting as advisors and the names of all persons or entities acting as clients on the subject matter covered by the document;
- d. The names of all persons or entities shown on the document to have received or sent the document;
- e. The names of all persons or entities known to have been furnished the document or informed of its substance;
- f. The nature and subject matter of the document, with the total number of pages, including attachments and enclosures;
- g. The privilege or protection claimed with a citation to the statute, regulation or rule that may apply;
- h. The engagement letter pursuant to which the document may have been created or prepared.

2. In the event that you claim a privilege or other basis for non-disclosure with respect to a portion of any document, please provide all non-privileged portions of the document.

3. If a document responsive to a summons request was once available but no longer exists, please provide:
   - a. Your written policy and procedures for storing and retaining such material and for destruction of such material;
   - b. Documents showing a responsive item is no longer in existence, the date destroyed, and the reasons for the destruction; and
   - c. Complete information as to alternative sources of the requested information.

4. If you contend that a document responsive to a request in the summons is not within your possession, custody, or control, or is unavailable after inquiry, provide the documents that reflect your inquiries into obtaining the requested document and the responses thereto.

**Instructions for Production of Electronically Stored Records**

If the records requested herein are stored in your record retention systems and/or by your technology, data, or other service providers, it should be produced on electronic media according to the following criteria:

I. Text Data
   A. Text data relating to transactions shall be produced within a data file:
      1. Using a delimited ASCII text data format; or
      2. Using software that can export to a commonly readable, nonproprietary file format without loss of data.
      3. If text data is stored in a format readable only by proprietary software, provide a copy of software necessary to enable the data to be retrieved, manipulated, and processed by a computer.

In the Matter of Tax Liability of John Does
Attachment to Form 2039 Summons to Taylor Lohmeyer Law Firm PLLC

    B. Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, amount, etc.)

II. Image Data
    A. Image data shall be produced in graphic data files in a commonly readable, nonproprietary format with the highest image quality maintained.
    B. Image data of items associated with transactions (e.g., cancelled checks, deposit slips, etc.) shall be:
        1. Produced in individual graphic data files with any associated endorsements;
        2. Linked to corresponding text data by a unique identifier; and
        3. Image collections, OCR (optical character recognition), and image linking files must be produced in a Concordance load-ready format, ideally in a Concordance database.

III. Encryption/Authentication
    A. Electronically stored records may be transmitted in an encrypted container. Decryption keys and/or passwords shall be produced separately at the time the data is produced.
    B. Authentication, such as hash coding, may be set by agreement.
    C. Affidavits or certificates of authenticity for the records may be included as part of the electronic production.