## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAYLOR LOHMEYER LAW FIRM PLLC, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| *v.* | § | Civil Action No.  SA-18-CV-1161-XR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER

On this date, the Court considered the status of this case. On July 29, 2019, Taylor Lohmeyer Law Firm ("the Firm") moved for a stay pending appeal of this Court's order enforcing the United States' counter-petition to enforce its John Doe summons. Docket no. 19. Here, the Court considers that motion, the United States' response (docket no. 23) and Petitioner's reply (docket no. 24). For the reasons explained below, this Court GRANTS Petitioner's Motion for Stay Pending Appeal (docket no. 19).

This order reaffirms the Court's previous order granting the Government's counter-petition to enforce (docket no. 15), but that judgment is stayed pending appeal. That order retained jurisdiction in this case pending any challenges by the Government of the Firm's privilege log, should the Firm produce one. The Firm produced no privilege log, so there is no longer a need for this Court to retain jurisdiction. Accordingly, the Clerk's office is directed to CLOSE this case.

## BACKGROUND

This case is about the Internal Revenue Service's attempt to seek by John Doe summons certain information related to the clients of the Firm, including the clients' names. The Firm is the

Kerrville estate-planning practice of Fred Lohmeyer and John Taylor. The IRS previously audited a taxpayer (Taxpayer-1) who used the Firm to "set up foreign accounts, foreign trusts, and foreign corporations to avoid paying U.S. taxes for which he was liable." Docket no. 4 at 7. This audit led to a closing agreement with Taxpayer-1 "admitting an unpaid income tax liability of over $2 million from unreported income of over $5 million for the 1996 through 2000 years, as well as additional penalties (including civil fraud penalties) from foreign entities set up and managed by Taylor Lohmeyer." *Id.*

In its counter-petition to enforce the John Doe summons, the IRS seeks names of and other information related to the Firm's clients between 1995-2017 to investigate the tax liability of those who used the Firm to "create and maintain foreign bank accounts and foreign entities that may have been used to conceal taxable income in foreign countries." *Id.* at 8. The Government undertakes this investigation, it states, because offshore tax evasion usually involves a foreign financial account and an offshore entity controlled by nominee directors to hide the taxpayers' beneficial ownership. *Id.* at 7.

Before this John Doe summons could issue, the Government was required to make certain minimal showings in an *ex parte* proceeding before this Court. *See* 5:18-MC-1046-XR. On October 15, 2018, the Court found that the Government had made these showings through the submission of Revenue Agent Joy Russell-Hendrick's affidavit. Docket no. 4-1. This Court found that the Firm did not meet its "heavy burden" of challenging the Government's showing, and accordingly, the Court granted the Government's counter-petition to enforce the John Doe summons. Docket no. 15.

**DISCUSSION**

A district court has inherent authority to manage its docket, including the power to stay proceedings. *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 WL 5649477, at *1 (W.D. Tex. Mar. 16, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The moving party bears a "heavy burden" of demonstrating that a stay is appropriate. *Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co.*, 761 F.2d 192, 203 n. 6 (5th Cir. 1985).

Courts consider four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasy v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014); *see also United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013) (noting the last two factors merge when the government is a party). The first two factors of the traditional standard are the most important, *id.*, but "where there is a serious legal question involved and the balance of the equities heavily favors a stay…the movant only needs to present a substantial case on the merits." *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011); *see also Ruiz v. Estelle*, 666 F.2d 854, 856-57 (5th Cir. 1982). Above all, a stay is "an exercise of judicial discretion" and the propriety of a stay depends on the individualized circumstances of the particular case. *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

Here, the Court finds that there is a serious legal question involved, the balance of equities heavily favors a stay pending the ongoing appeal, and that the Firm has shown the requisite "substantial case on the merits." *See Weingarten*, 661 F.3d at 910.  First, the applicability of the attorney-client privilege to a John Doe summons that seeks a broad range of documentation that is

arguably covered by the attorney-client privilege is a serious legal question. This is particularly so given the lack of binding precedent in this circuit on the specific issue of the assertion of privilege in response to a John Doe summons. The Firm hinges its attorney-client privilege argument on a case out of the Third Circuit. *United States v. Liebman*, 742 F.2d 807 (3d Cir. 1984).  In turn, the Government does cite several Fifth Circuit cases, but the Court finds persuasive the Firm's attempts at distinguishing those cases (docket no. 24 at 2-5), leaving the Court with little precedent directly responsive to this particular legal issue.

But most persuasively, this Court finds the balance of equities does indeed "heavily favor" the Firm; on the one hand, the Firm would suffer potentially irreparable harm if the summons were enforced against it and that enforcement ultimately turned out to be wrongful upon appeal. On the other hand, the harm to the Government (and to the public) would be less consequential were the Government required to stay its enforcement of the summons and ultimately prevail on appeal. The Firm represented to this Court that it is compiling and preserving documents responsive to the summons (docket no. 19 at 11), and if the Firm were to lose on appeal, enforcement of the summons would proceed just as it would if the Court had denied this stay.

This Court need not say the Firm is *likely* to succeed on the merits; given the serious legal question at issue and the balance of the equities, the Firm need only show a substantial case on the merits, and it has done so. *Weingarten*, 661 F.3d at 910. Accordingly, the Court GRANTS Petitioner's Motion to Stay Order Pending Appeal. Docket no. 19. As noted above, this does not modify the Court's previous order granting the Government's counter-petition, though having granted the motion to stay, that judgment is stayed pending appeal. Docket no. 15. The Clerk's office is further directed to CLOSE this case.

It is so ORDERED.

SIGNED this 3rd day of October, 2019.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE