IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAYLOR LOHMEYER LAW FIRM PLLC | ) | |
| | ) | Case No. 5:18-cv-01161-XR |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent/Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR LOHMEYER LAW FIRM PLLC | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**JOINT STATUS REPORT**

On April 1, 2022, the Court issued an order requiring the parties file a joint status report concerning whether Taylor Lohmeyer has complied with the IRS summons at issue.

On February 1, 2022, Taylor Lohmeyer sent a letter to counsel for the government making 17 banker boxes of client files available to the government. Attached as **Exhibit A** is a copy of that letter.

On March 2, 2022, the government responded with a letter stating that it had contracted with a third party to retrieve and scan the records and requesting that Mr. Lohmeyer execute a business records declaration. Attached as **Exhibit B** is a copy of that letter. The records were retrieved by the government that day.

On March 7, 2022, Mr. Lohmeyer provided a sworn statement stating that the records produced to the government under the February 1 transmittal letter "are all of the files and

records responsive to the Court's Order dated December 10, 2021."  Attached as **Exhibit C** is a copy of that declaration.

**The Parties' Positions:**

THE UNITED STATES

The United States is trying to ascertain whether Taylor Lohmeyer has fully complied with the summons.  Taylor Lohmeyer produced original records, instead of a Bates-numbered copy.  Accordingly, the United States encountered a six-week delay in retrieving and scanning the original documents.  Taylor Lohmeyer did not conduct a privilege review, [**Ex. A**, appended hereto].  Thus, a government attorney will need to conduct a privilege review of the produced documents, which is expected to take approximately three months.  Additionally, the United States will need to interview Mr. Lohmeyer, pursuant to the originally issued summons [D.E. 4-3, pg. 1, **Ex. B**], about the scope of documents produced (and whether additional files are responsive – s*ee e.g.*, [D.E. 11, pg. 5, fn2]), whether his clients waived privilege, and regarding potential objections to authenticity and hearsay of the documents.  For these reasons, the United States is requesting six months, from now, to ascertain whether Taylor Lohmeyer has fully complied with the summons.  *See Treas. Reg.* 301.7609-5(e)(3)("…final resolution with respect to a summoned party's response to a third-party summons occurs when the summons…is fully complied with…  The determination of whether there has been full compliance will be made within a reasonable time, given the volume and complexity of the records produced, after the later of the giving of all testimony or the production of all records requested by the summons…").  Given the unique and complex circumstances of production (i.e. the production of 17 banker boxes or original documents with no privilege review), and the ongoing need for an

2

<u>interview, the United States believes six months is reasonable, and that this matter should be left open for that period of time.</u>

TAYLOR LOHMEYER

      The Law Firm's position here is simple.  Mr. Lohmeyer provided a declaration stating that all responsive documents have been produced in response to the summons.  Meanwhile, the government has put forth no facts that indicate otherwise.  The case should thus be closed.

      The government nonetheless cites Treas. Reg. § 301.7609-5(e)(3) for the proposition that it needs some "reasonable time" to determine whether the law firm has complied with the summons.  We agree with the construction that the government has a reasonable time to review the records *for purposes of keeping the statute of limitations open on the Does*.  However, we disagree that the case must remain open in the District Court during the pendency of this review.  Instead, we invite the Court's attention to the remainder of the paragraph in that regulation providing that if and when the government eventually determines inadequate compliance with a court's summons enforcement order, it may bring "collateral proceedings" to seek additional enforcement.  Thus, the regulation gives the government a reasonable period of time to enjoy the tolling period that occasions a John Doe summons while the government evaluates compliance, but it does not restrict the Court from closing a case during that arbitrary period of time (which the government establishes as an additional half a year on top of the two months for which the records have been available to them).  Here, the Court has ordered summons enforcement and the Law Firm has complied with that order.  It is up to the government to state any reasonable basis it may have for alleging noncompliance.  If it fails to do so before the case is closed by the

Court, it can always move to the reopen case or bring a collateral enforcement proceeding if it deems either of them necessary.

The government disagrees.  It instead alleges that apart from needing more time to review the records, it also needs to interview Mr. Lohmeyer to determine whether he complied with the summons.  For support, the government references a previous declaration where Mr. Lohmeyer stated that he maintained eight active files after the Law Firm had been closed.  The government states that it needs to talk to Mr. Lohmeyer to get to the bottom of whether some or all of those files were produced in the 17 banker boxes of records.  This is perplexing.  The original declaration included summary descriptions of the clients and their files.  If the government compared those descriptions with the 17 banker boxes they received, they would have their answer.  But we will spare everyone the suspense, Mr. Lohmeyer produced records related to all eight of those Does.  Thus it strikes us as unnecessary and abusive to keep the case open and require Mr. Lohmeyer to appear for an interview when the government has failed to make even a minimal attempt to review the records produced.

The government also states that they need to interview Mr. Lohmeyer to determine whether any client has waived their attorney-client privilege (presumably because the government wants to be spared the effort of having to implement a taint team to sift through the law firm files they demanded).  That question is subject to attorney-client privilege and should be directed to each of the individual Does that hold that privilege (of which the government now has identities).

Finally, the government states that they need to interview Mr. Lohmeyer to preempt any potential authenticity or hearsay objections with respect to the files he produced.  First, Mr. Lohmeyer's declaration combined with the summons and Court order likely provide a

sufficient basis to establish that the records produced are the records ordinarily kept in the operation of the law practice. But more importantly, the issue is premature as there have been no evidentiary proceedings relevant to the government's concerns. Thus, this issue should be raised at later proceedings involving the Does, not in the current John Doe Summons enforcement proceeding.

In sum, Mr. Lohmeyer has provided a declaration stating that all the records responsive to the summons have been produced. The government has raised no facts indicating noncompliance. If at a later date the government finally reviews the records and determines it has a basis for establishing a deficiency in production, it can reopen the case or bring a collateral proceeding to order further enforcement. Treas. Reg. § 301.7609-5(e)(3). The Court has no reason to keep this John Doe Summons enforcement case open in the meantime and we respectfully request that the Court thus close the case.

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ *Chad Muller III*
Charles J. Muller III
State Bar No. 14649000
chad.muller@chamberlainlaw.com
Leo Unzeitig
State Bar No. 24098534
leo.unzeitig@chamberlainlaw.com
112 East Pecan, Suite 1450
San Antonio, Texas 78205
Telephone: (210) 253-8383
Facsimile: (210) 253-8384

**DAVID H. HUBBERT**
**DEPUTY ASSISTANT ATTORNEY GENERAL**
**U.S. Department of Justice, Tax Division**

By: /s/ *Curtis C. Smith*
CURTIS C. SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood Street, Suite 400
Dallas, Texas 75201
Telephone: (214) 880-9734
Facsimile: (214) 880-9741
Email: curtis.c.smith@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was electronically filed on April 13, 2022, via the Court's

ECF system, which will send notification of such filing to all counsel of record.

By: _/s/ Chad Muller III_
Charles J. Muller III

4456586